IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| RSV ENTERPRISES, INC. dba DRAKE DINER; <br><br> And <br><br> MJPD VENTURES, LLC dba WINESTYLES OF ANKENY; <br><br> On behalf of themselves and others similarly situated, <br><br>     Plaintiffs, <br><br> v. <br><br> SOCIETY INSURANCE, A MUTUAL COMPANY, <br><br>     Defendant. | CASE NO.: 4:20-cv-256 <br><br><br> **NOTICE OF REMOVAL OF CIVIL ACTION AND RULE 81 STATEMENT** |

COMES NOW Defendant Society Insurance ("Society"), by and through the undersigned counsel, and pursuant to 28 U.S.C. § 1441 and Local Rule 81, hereby gives notice of removal from the Iowa District Court for Polk County to the United States District Court for the Southern District of Iowa and makes its Local Rule 81 statement.

### I.    INTRODUCTION

1. Society respectfully submits that removal is proper because the requirements for Federal jurisdiction are satisfied: (1) The parties are completely

diverse, (2) the amount in controversy exceeds $75,000 and (3) this Notice is timely filed.

## II.   APPLICABLE STANDARDS

2.   Under 28 U.S.C. § 1441(a), an action of which the district courts of the United States have original jurisdiction may be removed to federal court if a timely petition for removal is filed.  A state court action may be removed to federal court if the federal court would have had diversity jurisdiction over the action under 28 U.S.C. § 1332(a) at the time of the initial pleading and when the removal notice is filed.  *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 444 (8th Cir. 2010) (citing 28 U.S.C. § 1441(a)-(b)).

## III.   LOCAL RULE 81 STATEMENT

3.   As required by 28 U.S.C. § 1446(a) and Local Rule 81(a)(1), State Farm provides the following information in support of the Notice for removal:

### *A.   State Court Pleadings*

4.   State Farm has reviewed the electronic docket in this case and determined that the following pleadings have been filed:

   i. Class Action Petition at Law and Jury Demand (filed 5/1/2020),

   ii. Original Notice (filed 5/1/2020),

   iii. Amended Class Action Petition at Law and Jury Demand (filed 5/4/2020),

   iv. Attachment A- Businessowners Special Property Coverage Form (filed 5/4/2020),

v. Application for Admission Pro Hac Vice District Court (filed 7/15/2020),

vi. Attachment – Certificate of Good Standing (filed 7/15/2020),

vii. Return of Service of Original Notice (filed 7/28/2020).

Copies of the above are attached to this Notice as required.  There are no pending motions.

Counsel of record is as follows:

>Brian P. Galligan (AT0002632)
>The Plaza - Suite 5
>300 Walnut Street
>Des Moines, Iowa, 50309-2239
>(515) 282-3333
>(515) 282-0318 (fax)
>bgalligan@galliganlaw.com
>
>Richard W. Schulte (AT015056)
>865 South Dixie Drive
>Vandalia, Ohio 45377
>(937) 435-7500
>(937) 435-7511 (fax)
>rschulte@yourlegalhelp.com
>
>Robert C. Hilliard (Texas #09677700)
>Rudy Gonzales
>Marion M. Reilly
>R. Allan Pixton
>Alex Hilliard
>719 S. Shoreline Blvd.
>Corpus Christi, TX 78411
>(361) 882-1612
>(361) 882-3015 (fax)
>bobh@hmglawfirm.com
>marion@hmglawfirm.com
>HMGService@hmglawfirm.com

### B. *The Notice Is Timely*

5. On May 1, 2020, Plaintiffs commenced this action with the filing of the Class Action Petition in the Iowa District Court for Polk County. Plaintiffs seek a declaratory judgement as well as compensatory, consequential, and punitive damages, alleging breach of insurance contract and bad faith.

6. Society was served on or about July 23, 2020.

7. On August 12, 2020, Society filed this Notice of removal and therefore, it is timely as this is within thirty (30) days of receipt of service. *See* 28 U.S.C. § 1446(b).

### C. *Complete Diversity Exists*

8. The named Plaintiffs are citizens of Iowa (Amended Petition, ¶ 10-11). Plaintiffs seek class certification on behalf of a putative class defined to include "all restaurants, bars and/or event/hospitality services domiciled, and conducting business, in the State of Iowa . . . " (Petition ¶ 68). Society is a Wisconsin corporation with its principal place of business in Wisconsin. *See John & Dave, LLC v. Society Ins.*, 998 F.Supp.2d 783, 787 (N.D. Iowa 2014) (identifying Society as a Wisconsin company with its principal place of business in Wisconsin). Society is a citizen of Wisconsin. 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of the state of its incorporation and in the state of its principal place of business). Complete diversity is present in this case where citizens of Iowa have sued Society, a citizen of Wisconsin. *See* 28 U.S.C. § 1332(a)(1) (citizens of different states are diverse).

### D.     *The Amount in Controversy Exceeds $75,000*

9.     The amount in controversy, under 28 U.S.C. § 1332, requires the sum or value of the lawsuit to exceed $75,000 for the district court to have original jurisdiction.  "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

10.     It is well established that the requirements for diversity jurisdiction must be satisfied only with respect to the time of filing. *See Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010) (citing *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71 (2004)).  In a breach of insurance agreement, the Policy limits are relevant when determining the amount in controversy. *Id.* (citing *Budget Rent–A–Car v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997).  In addition to compensatory damages other related amounts, such as consequential damages, count toward the jurisdictional minimum needed to satisfy the diversity jurisdiction. *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 348-49 (8th Cir. 2007) ("[t]he district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude . . . that the damages" exceed $75,000.) (citation omitted).

11.     The true amount in controversy exceeds $75,000 when the individual and proposed class Plaintiffs' damages are considered including demands for compensatory, consequential, and punitive damages.  Plaintiffs' petition alleges

breach of contract damages, consequential damages, and punitive damages. Plaintiffs' suit seeks monies pursuant to insurance contracts with Society.

WHEREFORE, the Defendant, Society Insurance, hereby removes the above captioned case from the Iowa District Court for Polk County, bearing Case Number CVCV060150 to the United States District Court for the Southern District of Iowa.

**Certificate of Service**

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed as receiving notice on August 12, 2020, by CM/ECF.

/s/ *Guy R. Cook*

Copy to:

Brian P. Galligan
The Plaza - Suite 5
300 Walnut Street
Des Moines, Iowa, 50309-2239
(515) 282-3333
(515) 282-0318 (fax)
bgalligan@galliganlaw.com

Richard W. Schulte
865 South Dixie Drive
Vandalia, Ohio 45377
(937) 435-7500
(937) 435-7511 (fax)
rschulte@yourlegalhelp.com

Robert C. Hilliard
Rudy Gonzales
Marion M. Reilly
R. Allan Pixton
Alex Hilliard
719 S. Shoreline Blvd.
Corpus Christi, TX 78411
(361) 882-1612
(361) 882-3015 (fax)
HMGService@hmglawfirm.com

ATTORNE?YS FOR PLAINTIFFS

GREFE & SIDNEY, P.L.C.

By: /s/ *Guy R. Cook*
 Guy R. Cook, AT0001623

By: /s/ *Laura N. Martino*
 Laura N. Martino, AT0005043

 500 E. Court Ave., Ste. 200
 Des Moines, IA  50309
 Phone:  515/245-4300
 Fax: 515/245-4452
 gcook@grefesidney.com
 lmartino@grefesidney.com

ATTORNEYS FOR DEFENDANT